```
                                                                                    C/M
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  COREY BELL,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :  **MEMORANDUM DECISION AND**
                   - against -                              :  **ORDER**
                                                            :
  NYC, NYPD,                                                :
                                                            :  18-cv-1081 (BMC)
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

*Pro se* plaintiff commenced this action against the City of New York and the New York City Police Department ("NYPD") pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights. The case was transferred from the United States District Court for the Southern District of New York. Accompanying the complaint is an application to proceed *in forma pauperis.* The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the claims against the City of New York and its police department are dismissed and plaintiff is afforded twenty days to file an amended complaint against individual police officers.

## BACKGROUND

Plaintiff, a resident of Brooklyn, alleges that police officers from the NYPD "brought down" the front door of his family residence, ordered him to put his hands in the air, searched him "with negative result," arrested him, and processed him at the NYPD's 75th Precinct on charges that the King's County District Attorney's Office later declined to prosecute. Plaintiff

1

seeks damages.

## I. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To sustain a claim

brought under Section 1983, Bell must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.1994).  Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

**DISCUSSION**

The complaint fails in two regards: it names two improper parties as the only defendants and fails to allege the direct or personal involvement of any defendants in an alleged constitutional deprivation**.**

I. City of New York

Plaintiff names the City of New York as a defendant to this lawsuit. Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997).  In other

words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, the § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

II. New York City Police Department

Plaintiff names the NYPD as the other defendant to this action. The NYPD is a non-suable agency of the City. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007); Araujo v. City of New York, No. 08 CV 3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010). Therefore, the § 1983 claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Amendment of Complaint

Although both of the defendants have been dismissed, in light of plaintiff's *pro se* status, Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal), plaintiff is afforded twenty days to amend his complaint in order to name proper defendant(s) (individual police officers who are responsible for the alleged deprivation of his constitutional rights) and give them notice of the claims against them as

4

required by Fed. R. Civ. P. 8 (a)(2) (a complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). See Fed R. Civ. P. 15(a); see e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). As stated above, a plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. Victory v. Pataki, 814 F.3d 47, 67 (2d Cir. 2016) (citing Farrell v. Burke, 449 F.3d at 484 ); Holmes v. Kelly, No. 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014) (same). There must also be an allegation of "a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986); Andino v. Fischer, 698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010).

To the extent that plaintiff may seek to pursue a § 1983 claim against individual actors for a violation of his constitutional rights, he is granted leave to file an amended complaint. If plaintiff files an amended complaint, he must specify what claims he brings against each named defendant, plead sufficient facts in support of those claims against each officer, and plead the specific injuries that he suffered due to the acts or omissions of each defendant. If plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him. However, if he cannot provide sufficient information to allow the Court to identify who they are, then he cannot sue them, and the case against them will be dismissed.

# CONCLUSION

Plaintiff's § 1983 complaint is dismissed against the City of New York and the New York City Police Department for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(b)(ii).

In light of plaintiff's *pro se* status, however, plaintiff is granted twenty (20) days to amend his complaint. Should plaintiff decide to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Order (18 Civ. 1081). Plaintiff's amended complaint must comply with the court's conditions for amendment, as set forth above. Plaintiff is advised that any amended complaint that he files will completely replace the original complaint, so plaintiff should include in it any facts or claims that he wishes to pursue against proper defendants.

No summonses shall issue at this time and all further proceedings will be stayed for twenty (20) days. If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
       February 22, 2018